FILED
2021 JUN 1 PM 1:57
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br><br>RAMON JOEL CRESPIN,<br><br>Defendant. | CASE NO: 1:21-CR-00024-JNP<br><br>ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT AND SETTING A NEW TRIAL DATE<br><br>Judge Jill N. Parrish |

Having considered the United States of America's Motion to Exclude Time under the Speedy Trial Act and to Set a New Trial Date, as well as the District of Utah's General Orders 20-008, 20-009, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, and 21-003 regarding the Coronavirus Pandemic, the court hereby finds as follows:

This case was set for trial on June 7, 2021.  The triggering date for Speedy Trial Act purposes is March 31, 2021 the date of Initial Appearance/Arraignment.

On March 16, 2020, the court entered a General Order suspending jury selection and jury trials scheduled to begin before May 1, 2020.  D. Ut. General Order No. 20-009, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  On March 13, the court entered another General Order imposing health- and travel-related limitations on access to court facilities.  D. Ut. General Order No. 20-008, In the Matter of Restrictions on Courthouse Entry during the Coronavirus (COVID-19) Pandemic.  These orders were "[c]onsistent with the Center for Disease Control and Prevention (CDC) Interim Guidance for Businesses and Employers and the Utah Department of Health recommended strategies[.]" D. Ut. General Order No. 20-008 at 1.  The court further explained that "President Trump on

March 13, 2020 declared a National Emergency in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic." D. Ut. General Order No. 20-009 at 1.  Additionally, "Governor Herbert has declared a state of emergency in Utah, prompting the Utah Supreme Court to implement the Utah State Courts Pandemic Response Plan at level 'Red.'" *Id.*

On April 28, 2020, June 15, 2020, July 30, 2020, August 26, 2020, September 30, 2020, October 29, 2020, and January 22, 2021, the court entered further General Orders excluding the period from May 1, 2020, through April 1, 2021, from calculations under the Speedy Trial Act. D. Ut. General Orders No. 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.

On March 16, 2021, the Court issued a General Order announcing that it will move to Phase II of its phased reopening plan, effective April 1, 2021.  D. Ut. General Order No. 21-003. The Order explained that a limited number of continuous, consecutive criminal jury trials will take place, beginning on April 29, 2021.  *Id.* at 4.  The Order also excluded time under the Speedy Trial Act through June 30, 2021, explaining:

> There are nationwide now over 29 million confirmed cases of Americans infected with COVID-19, resulting in over 530,000 deaths. Utah has now confirmed nearly 400,000 cases, resulting in over 15,000 hospitalizations and more than 2,000 deaths.  COVID-19 test positivity rates in Utah remain above levels necessary to reduce community spread. Vaccinations are proceeding in Utah but the percentage of vaccinated persons in Utah is less than neighboring states.  Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction of variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah.  While the personal safety of the court community and those we serve remains the Court's top priority, conditions have improved to a point that the Court finds those safety concerns can be adequately protected while simultaneously expanding access to mission critical judicial functions with [certain] limitations[.]

*Id.* at 3-4.

The Order explained:

[T]he health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Utilizing the Court's Petit Jury Trial Plan, the Court now concludes it is possible to safely host only one jury trial at a time in space available in the courthouse. Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

*Id.* at 7.

In this case, the government moved to continue the June 7, 2021 trial date for an unspecified amount of time. Opposing counsel does not object to the government's motion.

Given the grave public-health concerns reflected in this court's recent general orders, the inability to conduct more than one trial at a time, and the facts set forth in the United States' motion, which the Court incorporates fully here, the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

Failure to grant a continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

Failure to continue this case is also likely to put counsel, parties, witnesses, jurors, and court personnel at unnecessary risk.

As General Order No. 21-003 reflects, the ends of justice amply justify excludable time here. Pandemic, like natural disaster or other emergency, grants a court the discretion to order an ends-of-justice continuance. *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (volcanic eruption). Here, failure to continue this case will likely make its completion

3

impossible due to public-health risks and concerns.  In addition to concerns for prospective jurors' health and the ability of the Court to obtain—and maintain—an adequate number of jurors, an ends-of-justice delay is particularly apt because:

- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible.  Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control.
- Counsel for the United States Attorney's Office and the Defendants' attorney have been working toward a resolution of this case and anticipate that a change of plea may be forthcoming.

In addition, due to the restrictions imposed by current public-health concerns it is it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits.  Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from June 7, 2021 to June 30, 2021.
2. The time period of March 31, 2021 to the new trial date, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A).

DATED June 1, 2021.

BY THE COURT:

_____
The Honorable JILL N. PARRISH
United States District Court Judge